IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| Raymond E. Chestnut, | ) | C/A No.: 1:18-1209-RBH-SVH |
|---|---|---|
| Petitioner, | ) | |
| vs. | ) | ORDER |
| Bonita Mosley, Warden, | ) | |
| Respondent. | ) | |

Petitioner, proceeding pro se, brought this action requesting a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a motion to dismiss on June 27, 2018. [ECF No. 8]. As Petitioner is proceeding pro se, the court entered an order pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), advising him of the importance of a motion and of the need for him to file an adequate response by July 30, 2018. [ECF No. 9]. Having received no response from Petitioner, the court on August 7, 2018, directed Petitioner to advise by August 21, 2018, whether he wished to continue his case and to file a response. [ECF No. 11].

On August 24, 2018, Petitioner filed a motion for leave to amend the petition to ask for relief based on 17 different incident reports. [ECF No. 13]. The address on Petitioner's motion indicates that he has been transferred to the USP Big Sandy in Inez, Kentucky. *Id.*

District courts are authorized to grant writs of habeas corpus "within their respective jurisdictions," 28 U.S.C. § 2241(a), and such writs "shall be directed to the person having custody of the person detained." 28 U.S.C. § 2243. Therefore, the proper party respondent is generally the "person who has the immediate custody of the party detained, with the power to produce the body of such party before the court or judge." *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citation omitted). Similarly, because "the court issuing the writ [must] have jurisdiction over the custodian," generally in "habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." *Id.* at 442–43 (citation omitted).

Because Petitioner is now confined in USP Big Sandy, the Eastern District of Kentucky is the federal district where Petitioner's current custodian is located and where this § 2241 petition should be heard. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008) ("The rule governing jurisdiction naturally follows from the 'immediate custodian rule': a district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian."); *see also Kanai v. McHugh*, 638 F.3d 251, 258 (4th Cir. 2011) (concluding that "phrase 'within their respective jurisdictions' in § 2241(a) identifies the proper location of the federal district in which a habeas petition should be filed"). As Petitioner's custodian is

subject to jurisdiction in the Eastern District of Kentucky, the court finds that transfer of this petition to that district court is appropriate. *See* 28 U.S.C. §§ 1404, 1631 (providing for transfer of a case where such transfer would serve the interest of justice).

For the foregoing reasons, the Court **TRANSFERS** this case to the United States District Court for the Eastern District of Kentucky.

**IT IS SO ORDERED.**

s/ R. Bryan Harwell
R. Bryan Harwell
United States District Judge

Florence, South Carolina
August 28, 2018